IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-02467-EWN-KLM

MOHAMMED SALEH,

      Plaintiff(s),

v.

FEDERAL BUREAU OF PRISONS,
HARLEY LAPPIN,
JOHN VANYUR,
KATHLEEN KENNEY,
G. HERSHBERGER,
MICHAEL NALLEY,
RON WILEY,
JOHN SHARTLE,
MARK MUNSON,
MAUREEN CRUZ,
HARVEY CHURCH,
D.J. KRIST,
"FNU" JAVERNICK,
GEORGE KNOX,
MARK COLLINS,
T. GOMEZ,
TINA SUDLOW,
"FNU" REILLEY,
KEITH POWLEY,
D. LAW,
"FNU" JONES, and
DAVID JOHNSON,

      Defendant(s).

_____

Civil Action No.  06-cv-01747-EWN-MJW

EL-SAYYID A. NOSAIR,

      Plaintiff(s),

v.

FEDERAL BUREAU OF PRISONS,
HARLEY LAPPIN,
JOHN VANYUR,
MICHAEL NALLEY,
RON WILEY, and
"FNU" REILLEY,

      Defendant(s).

_____

Civil Action No.  07-cv-00021-MSK-KLM

IBRAHIM ELGABROWNY,

      Plaintiff(s),

v.

FEDERAL BUREAU OF PRISONS,
HARLEY LAPPIN,
JOHN VANYUR,
MICHAEL NALLEY,
RON WILEY, and
"FNU" REILLEY,

      Defendant(s).

_____

**ORDER GRANTING MOTION TO CONSOLIDATE AND VACATING AND SETTING
SCHEDULING CONFERENCE**

_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN  L. MIX**

      This matter is before the Court on a Joint Motion to Consolidate Civil Action No. 05-
cv-02467-EWN-KLM, Civil Action No. 06-cv-01747-EWN-MJW, and Civil Action No. 07-cv-

00021-MSK-KLM  [**Civil Action No. 05-02467-EWN-KLM**, Docket No. **79**, Filed July 30, 2007]; and Defendants' Motion to Vacate Scheduling Conference [**Civil Action No. 07-cv-00021-MSK-KLM,** Docket No. **48**, Filed September 6, 2007].

The plaintiffs and defendants have jointly moved to consolidate their cases.[1] Pursuant to Fed. R. Civ. P. 42(a), the Court may consolidate cases involving common questions of law or fact.  There is "broad discretion vested in the trial court in ordering consolidation of cases for trial, where there is a common question of law or fact."  *Gillette Motor Transp. v. N. Ok. Butane Co.*, 179 F.2d 711, 712 (10th Cir. 1950).  Consolidation "is permitted as a matter of convenience and economy."  *Harris v. Ill.-Cal. Exp., Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

In Civil Action Nos. 05-cv-2467-EWN-KLM, 06-cv-01747-EWN-MJW, and 07-cv-00021-MSK-KLM, each Plaintiff makes claims that restrictions imposed by ADX prison officials regarding diet, movement, and religious access violated the Religious Freedom Restoration Act, the First Amendment, their rights to Equal Protection, and constitute cruel and unusual punishment in violation of the Eighth Amendment.  The latter two cases also assert a violation of due process claim.  In addition, the parties argue that consolidation would be more efficient because the pleadings, motions, and discovery on these substantially similar issues could be completed once, rather than three times.  This Court finds that the above-captioned cases have substantial questions of law and fact in common, and that consolidation would serve the interests of judicial economy.

THEREFORE, IT IS HEREBY **ORDERED** as follows:

1.  That the Joint Motion to Consolidate [**Civil Action No. 05-cv-02467-EWN-KLM**, Docket No. **79**] is **GRANTED**;

2.  That pursuant to Fed. R. Civ. P. 42(a), and D.C. Colo. L. Civ. R. 42.1, Civil Action Nos. **05-cv-02467-EWN-KLM**, **06-cv-01747-EWN-MJW**, and **07-cv-00021-MSK-KLM** are **CONSOLIDATED**;

3.  That pursuant to D.C. Colo. L. Civ. R. 42.1, Civil Action No. 07-cv-00021-MSK-KLM shall be reassigned to Chief Judge Edward W. Nottingham;

---

[1]The motion to consolidate was filed in Civil Action No. 05-cv-02467-EWN-KLM, seeking to consolidate that case with Civil Action No. 06-cv-01747-EWN-MJW and Civil Action No. 07-cv-00021-MSK-KLM.  The motion represents that plaintiffs and defendants from all three cases jointly move to consolidate their cases based upon the existence of common questions of law and fact.

4.  That these consolidated actions **SHALL** be captioned as shown above on this Order, except that the case number for Civil Action No. 07-cv-00021-MSK-KLM shall be **AMENDED** to read Civil Action No. 07-cv-00021-<u>EWN</u>-KLM; **and** the case number for Civil Action No. 06-cv-01747-EWN-MJW shall be **AMENDED** to read Civil Action No. 06-cv-01747-<u>EWN</u>-KLM.

IT IS FURTHER **ORDERED** that the Plaintiffs shall file a First Consolidated Complaint on or before September 28, 2007 and Defendants shall answer or otherwise respond to the First Consolidated Complaint on or before October 10, 2007.

IT IS FURTHER **ORDERED** that Defendants' Motion to Vacate Scheduling Conference [**Civil Action No. 07-cv-00021-MSK-KLM**, Docket No. **48**] is **GRANTED**. The scheduling conference that was set for October 2, 2007 at 9:30 a.m. is **vacated** and **reset** as ordered below.

IT IS FURTHER **ORDERED** that a Scheduling/Planning Conference pursuant to Fed.R.Civ.P. 16(b) shall be held for the consolidated case on **October 23, 2007**, commencing at **4:30 p.m.** in Courtroom A501, 5th Floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver. If this date is not convenient for any counsel/pro se party, he/she shall **file a motion** to reschedule the conference to a more convenient date, and shall  list dates in the motion which are available for <u>all</u> counsel/pro se parties.

**Absent exceptional circumstances, no request for rescheduling <u>any appearance</u> in this court will be considered unless a motion is made FIVE (5) business days in advance of the date of appearance.**

**<u>The plaintiff shall notify all parties who have not entered an appearance of the date and time of the Scheduling/Planning Conference.</u>**

IT IS **ORDERED** that counsel/pro se parties in this case are to hold a pre-scheduling conference meeting and **prepare a proposed Scheduling Order** in accordance with Fed.R.Civ.P. 26(f), as amended, and the instructions accompanying the form scheduling order on or before <u>21 days before the scheduling conference</u>. Pursuant to Fed.R.Civ.P. 26(d), as amended, no discovery is to be exchanged until after the Rule 26(f) conference meeting.

No later than five (5) calendar days prior to the Scheduling/Planning Conference, counsel/pro se parties shall submit their proposed Scheduling Order in the format available on the Court's website at:  <u>www.cod.uscourts.gov</u> under magistrate judges forms **(in PDF)** in compliance with the Court's Electronic Case Filing Procedures which are also available

on the Court's website.  An additional copy of the proposed scheduling order is to be provided to my chambers at Mix_Chambers@cod.uscourts.gov by **e-mail attachment** with the subject line stating "proposed Scheduling Order" and in **WordPerfect format**.

In addition to the instructions for completing the Scheduling Order, which may be found on the court's website with the scheduling order form, counsel and pro se parties should consider whether electronic discovery will be needed.  Specifically, in those cases in which: (I) the parties' substantive allegations involve extensive computer-generated records; (ii) a substantial amount of disclosure or discovery will involve information or records in electronic form (i.e., e-mail, word processing, databases); (iii) expert witnesses will develop testimony based in large part on computer data and/or modeling; or (iv) any party plans to present a substantial amount of evidence in digital form at trial, the parties shall confer regarding what efforts will be needed to preserve computer records and data, facilitate computer-based discovery and who will pay costs, resolve privilege issues, limit discovery costs and delay, and avoid discovery disputes relating to electronic discovery. The parties shall include these issues, if appropriate, in the proposed scheduling order and shall be prepared to discuss them at the scheduling/planning conference.

Further, on or before 14 days after the Rule 26(f) pre-scheduling conference meeting, the parties shall comply with the mandatory disclosure requirements of Fed.R.Civ.P. 26(a)(1), as amended.

Parties who are pro se or do not have access to the internet may obtain the scheduling order form and instructions from the Clerk's Office, Room A105, in the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado, 80294. Scheduling Orders prepared by parties not represented by counsel, or without access to electronic case filing, are to be submitted to the Clerk of the Court on paper.

IT IS **FURTHER ORDERED** that at least five (5) calendar days before the Scheduling/Planning Conference, counsel/pro se parties shall submit a brief Confidential Settlement Statement to the Magistrate Judge **ONLY**, outlining the facts and issues involved in the case, and the possibilities for settlement, including any settlement authority from the client.  Electronic case filing participants are to submit their Confidential Settlement statements to chambers at Mix_Chambers@cod.uscourts.gov. with the subject line stating "Confidential Settlement Statement" along with the case number and case caption.  The Confidential Settlement statement should be submitted **in PDF** format and sent as an attachment to the e-mail.  Documents with attachments totaling over 15 pages shall be submitted **to the Clerk's office** in an envelope labeled "Personal Materials"

5

addressed to Magistrate Judge Kristen L. Mix.[2]   Counsel/pro se parties should be prepared to discuss settlement at the Scheduling/Planning Conference and should obtain full settlement authority from the client, or have the client available either in person or by telephone.

All out-of-state counsel shall comply with D.C.COLO.LCiv.R 83.3 before the Scheduling/Planning Conference.

It is the responsibility of counsel/pro se parties to notify the Court of his/her entry of appearance, notice of withdrawal, notice of substitution of counsel, or notice of change of address, e-mail address, or telephone number by complying with the Court's Electronic Case Filing Procedures or paper-filing the appropriate document with the Court.

**The Parties are further advised that they shall not assume that the Court will grant the relief  requested in any motion.  Failure to appear at a court-ordered conference or to comply with a court-ordered deadline which has not been vacated by court order may result in the imposition of sanctions, under Rule 16(f), Fed.R.Civ.P.**

**Anyone seeking entry to the Alfred A. Arraj United States Courthouse will be required to show valid photo identification.  *See* D.C.COLO.LCIVR. 83.2B.  Failure to comply with this requirement will result in denial of entry to the courthouse.**

DATED: September 24, 2007 at Denver, Colorado.

BY THE COURT:


 s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge

---

[2] **Do not label this envelope "confidential settlement statement" because you will risk the public filing of the document.**